**In re VAN BECK METAL PRODUCTS, INC., Debtor.**

**Bankruptcy No. 90–7803–8P1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

May 3, 1991.

Rodney Dillon, Sarasota, Fla., for debtor.

W. Patrick Ayers, Tampa, Fla., for Amada Leasing Corp.

## ORDER ON MOTION TO VACATE ORDER GRANTING AMADA LEASING CORPORATION'S REQUEST FOR EX PARTE TERMINATION OF THE AUTOMATIC STAY

ALEXANDER L. PASKAY, Chief Judge.

THIS is a Chapter 11 case and the matter under consideration is a Motion To Vacate Order Granting Amada Leasing Corporation's Request for Ex Parte Termination of the Automatic Stay. In order to put the Motion under consideration into proper perspective, a brief recap of the procedural history should be helpful.

On September 10, 1990, Van Beck Metal Products, Inc. (Debtor), filed a Motion and sought authority to assume three executory contracts relating to chattel leases with Amada Leasing Corporation (Amada).

The first lease involved "[o]ne Amada Turret Punch Press, Model PEGA, s/n P3441244, with Spare Parts Package and Tooling Package complete with all attachments now owned or hereafter acquired." The second lease involved "[o]ne Amada Press Brake, Model RG100, a/n 103251 with NC9EX Backgauge and one tooling package, complete with all attachments now owned or hereafter acquired." The third lease involved "[o]ne Amada Mechanical Shear, Model M3060, s/n 30600472, complete with all attachments now owned or hereafter acquired." The Motion stated the Debtor's business is operated with the use of this equipment, without which the Debtor would be limited to the point of being unable to reorganize its business under Chapter 11 and, thus, the Debtor wished to assume said executory contracts under § 365(d)(1) [sic].

On October 10, 1990, Amada filed a response to the Debtor's Motion To Assume in which it contended that the Debtor was in default on all three leases and the Debtor should be compelled to "permanently" cure [sic] all arrearages and to compensate or provide adequate assurance that it will compensate Amada for actual pecuniary losses caused by its default. On December 17, 1990, this Court entered an Order and overruled Amada's objection to the Motion To Assume and authorized the Debtor to assume all three leases, with the proviso, however, that the Debtor will continue to make all regular contractual payments as they become due and, in addition, it will pay the one month postpetition arrearages to Amada on the leases by dividing the contract payments by 12 and adding 1/12th of the postpetition arrearage to each monthly lease payment called for by these leases.

On December 28, 1990, Amada filed a Motion to Reconsider the Order which authorized the assumption of these leases. In its Motion, Amada contended that the Order submitted by counsel for the Debtor was not consistent with this Court's ruling announced from the bench. On January 25, 1991, the Debtor filed a response to Amada's Motion for Reconsideration. Before these matters came on for consideration on February 6, 1991, the Debtor filed a Motion To Assign and Sell Leased Property [sic]. However, this Motion was limited to an assumption and assignment of a lease involving only one of the three equipment items leased from Amada, the punch machine. On February 8, 1991, Amada again filed an Objection to the Motion To Assume and Assign contending that the Debtor does not provide for payment of all arrearages concerning all three pieces of equipment which were originally involved in the first Motion to Assume filed by the Debtor. On March 4, 1991, this Court granted a Motion for Reconsideration and scheduled a hearing for March 6 to consider the last Motion To Assume and Assign filed by the Debtor. Following that hearing, this Court entered an Order and granted the last Motion of the Debtor to assume the three leases, and to assign and sell the same relating only to the punch machine covered by Contract No. A637 0101. The Order provided the Debtor shall make all prepetition and postpetition payments on the lease covering this equipment within five working days from March 6, 1991. The Order also overruled Amada's Objection to the assumption of the lease. In the last paragraph of this Order, this Court provided in the event the Debtor defaults or fails to comply with the conditions imposed by the Order, Amada would be entitled to apply for an ex parte order lifting the automatic stay after having given 48 hours telephonic notice to the Debtor's attorney and filing an affidavit of default with the Court.

It appears that Amada filed an Affidavit of Default and gave telephonic notice to Debtor's counsel, and since the Court did not receive any opposition and a request for hearing from Debtor's counsel, on April 2, 1991, this Court terminated the automatic stay and authorized Amada to proceed and enforce its right against the equipment in question.

The present Motion is addressed to this Order and is based on the contention, inter alia, that the Debtor did, in fact, cure all the arrearages and therefore was not in default, and for this reason, it was inappropriate to lift the automatic stay to permit

Amada to recover the equipment in question. It is without dispute that the total arrearages on the lease contract, which involved the punch press only, consist of seven monthly payments, which after adjustment for an increase of the sales tax is $4,305.71 per month. The proof presented to this Court indicates that the Debtor, in fact, paid Amada the total amount of $35,-642.04 which appears to be in excess of the arrearages on the lease for the punch press, which is only $30,139.97. However, it is the contention of Amada that it is entitled to late charges in addition to the monthly contract payments, costs and attorney fees and, therefore, the money received by Amada is insufficient to "cure" the arrearages. It further appears that some of the payments made by the Debtor may include the payments paid as adequate protection relating to the two other items of equipment which the Debtor now elects not to assume and is willing to surrender and turn over to Amada.

In light of this development, this Court is satisfied that while the Debtor did cure the contractual arrearages on the lease relating to the punch press, it did not compensate or provide adequate assurance that it will compensate the lessor for actual pecuniary loss, if any, resulting from the default, payment of which is also required by § 365(b)(1)(B) for assumption of executory contracts. Inasmuch as these amounts are yet to be established, it is impossible at this time to make a definite determination of that amount. Likewise, it is impossible to tell how much of the $35,642.04 paid by the Debtor represented an adequate protection payment on the leases that have not been assumed and are now going to be surrendered and returned to Amada.

Based on the foregoing, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Emergency Hearing To Vacate Order Granting Amada Leasing Corporation's Request for Ex Parte Termination of the Automatic Stay be, and the same is hereby, granted, this Court's Order of April 2, 1991, lifting the automatic stay be, and the same is hereby, vacated and set aside. It is further

ORDERED, ADJUDGED AND DECREED that the Debtor shall file with the Court and furnish to counsel for Amada a statement indicating what portion of the total paid related to the nonassumed equipment, and what portion related to the actual contractual arrearage. Thereafter, the Court will enter an order determining the amount, if any, the Debtor is required to pay to Amada to cure arrearages pursuant to § 365(b). It is further

ORDERED, ADJUDGED AND DECREED that counsel for Amada shall furnish and serve a copy on counsel for the Debtor, a schedule of items of damages for which it seeks compensation pursuant to § 365(b)(1)(B), and unless the parties agree on these items, the Court shall schedule a hearing to determine the appropriate amount, if any, to be paid by the Debtor to Amada in addition to the sums already paid. It is further

ORDERED, ADJUDGED AND DECREED that Amada must accept any further lease payments turned over by the buyer of the equipment, including those which had been tendered earlier, in satisfaction of the contractual obligation under the lease contract relating to the equipment in question. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Relief from Automatic Stay imposed by § 362 be, and the same is hereby, granted to the extent necessary to permit Amada to recover possession of the two leased equipment items described in the original Motion that have not been assumed by the Debtor.

DONE AND ORDERED.